IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DONALD WAYNE INGLE JR.,
TDCJ-CID No. 00769010,

    Plaintiff,

v.   2:24-CV-140-Z-BR

KAYLA BUTLER, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Objection (ECF No. 21), filed April 11, 2025, to the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") (ECF No. 19) to dismiss this case as frivolous pursuant to 28 U.S.C. Section 1915(e)(2)(B). After considering the Magistrate Judge's FCR, the relevant law, and the briefing, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the Magistrate Judge's FCR. Accordingly, this case is hereby **DISMISSED** with prejudice.

### BACKGROUND

Plaintiff's Complaint "arises from his efforts to change cells due to his fear that a violent altercation would occur with his cellmate." ECF No. 19 at 2. After considering Plaintiff's Complaint, the Magistrate Judge concluded that Plaintiff's claims should be dismissed with prejudice pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii). ECF No. 19 at 15. Specifically, the Magistrate determined that: (1) Plaintiff's claims against Defendants[1] in their official capacities should be dismissed as frivolous; (2) Plaintiff failed to state a claim against Defendant Gonzales for supervisory liability; (3) Plaintiff failed to state a

---

[1] Plaintiff filed suit against Defendants Kayla Butler, Noella Alvarez, Lucia Viagas, Tanner Mortenson, William Miller, William Jones, Adam Gonzales, S. Patton, K. Loza, and T. Britten. ECF No. 19 at 1.

constitutional violation for failure to protect against Defendants Alvarez, Butler, Mortenson, Jones, and Viagas; (4) Plaintiff failed to state a claim that he was denied access to the courts; (5) Plaintiff failed to allege any due process violations against Defendants Butler, Miller, or Mortenson; and (6) Plaintiff's claim against Defendant Jones for placing him in high security fails to state a constitutional violation. *See* ECF No. 19 at 1–12.

### LEGAL STANDARD

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). In that event, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A magistrate judge's order is "clearly erroneous" if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). And an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

### ANALYSIS

Plaintiff objects to the Magistrate Judge's FCR, asking the Court to "liberally constru[e] the construction and simple language" of his objection and avoid "penaliz[ing] him with a 'strike' as he attempts to pursue his constitutional protections." ECF No. 21 at 1. However, Plaintiff does not appear to make any specific objections to the Magistrate's FCR. Objections to the FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting

to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Just so here. Plaintiff merely rehashes the information previously set forth in his Complaint, reiterates his belief that his claims are not frivolous or malicious, and asks only that the Court "appropriately apply the law and case law to bring justice to a situation he believed to be unjust." Plaintiff's statements do not indicate that the Magistrate's FCR was clearly erroneous or contrary to law—accordingly, Plaintiff's Objection is overruled.

### CONCLUSION

After considering the Magistrate Judge's FCR, the relevant law, and the briefing, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** the Magistrate Judge's FCR (ECF No. 19). Accordingly, this case is hereby **DISMISSED** with prejudice.

**SO ORDERED**.

April 23, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3